IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JOHNSON,

    Petitioner,

v.                                            CASE NO.  4:12cv457-RH/CAS

JULIE L. JONES,

    Respondent.

_____/

ORDER DENYING THE PETITION AND
GRANTING A CERTIFICATE OF APPEALABILITY

    This petition for a writ of habeas corpus under 28 U.S.C. § 2254 is before the court on the magistrate judge's report and recommendation, ECF No. 32, and the objections, ECF No. 37.  I have reviewed *de novo* the issues raised by the objections.  The report and recommendation is correct and is adopted as the court's opinion.

    Rule 11 of the Rules Governing Section 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The petitioner has made the required showing on the issue of whether two claims have been properly denied without an evidentiary hearing. The first claim is that the petitioner's attorneys rendered ineffective assistance by failing to present documentary evidence supporting the argument that the petitioner was in custody at the time of the offense. *See* Tr. 234, ECF No. 24-2 at 33 (alleged victim's

testimony that the offense occurred a month before her child-protection-team interview); *but see id.* (alleged victim's testimony that she thinks the offense occurred "probably" months before the interview).  The second claim is that the attorneys rendered ineffective assistance by failing to present testimony of the alleged victim's cousin (who the alleged victim said was in the room at the time of the offense) that he did not see the offense.  None of this evidence would have been conclusive, and asking the cousin whether he saw the offense would have been risky, even though the cousin now has sworn he did not see it.  Still, reasonable jurists could disagree on whether the failure to present this evidence was ineffective and prejudicial, and reasonable jurists could disagree on whether the denial of these claims without an evidentiary hearing was an unreasonable application of the principles clearly established by *Strickland v. Washington*, 466 U.S. 668 (1984).

 For these reasons,

 IT IS ORDERED:

  1.  The report and recommendation is ACCEPTED.

  2.  The clerk must enter judgment stating, "The petition is DENIED with prejudice."

  3.  A certificate of appealability is granted on whether these claims were properly denied without an evidentiary hearing: first, that the petitioner's attorneys

rendered ineffective assistance by failing to present documentary evidence supporting the argument that the petitioner was in custody at the time of the offense; and second, that the attorneys rendered ineffective assistance by failing to present testimony of the alleged victim's cousin (who the alleged victim said was in the room at the time of the offense) that he did not see the offense.

    SO ORDERED on August 20, 2015.

                                     s/Robert L. Hinkle
                                     United States District Judge